### GEORGE BLISS *vs.* GEORGE WINSLOW.

### Lincoln.    Opinion March 10, 1888.

*Inspector of customs.    Shipping.    Trespass.    U. S. R. S., § 2638.*

An inspector of the public customs, who purchased a vessel in spite of the laws of the United States which provide that such an officer shall not own any vessel or interest therein, under a penalty of five hundred dollars, may recover the value of such vessel in an action of trespass against a sheriff, who attaches the same as the property of the person selling her to the United States official. His possession of the property is a good title as against the attaching officer.

ON exceptions.

Trespass for conversion of an alleged pleasure yacht called " Eunie " by the defendant, on June 16, 1886, who, on that day, as a deputy sheriff, attached the yacht as the property of one James Donnell, on a writ in favor of one Lester F. Cudworth, executor, and subsequently, on November 30, 1886, sold the same on execution issued on a judgment in that suit of *Cudworth* v. *Donnell.* The plaintiff claimed to have purchased the yacht of Donnell, September 22, 1884, though Donnell retained the possession of it until the attachment. It was admitted that at the time of the alleged purchase of the yacht by the plaintiff, he was employed under the authority of the United States in the collection of duties on imports or tonnage, and that his tenure of office terminated on January 31, 1887.

The exceptions were to the refusal of the presiding justice to rule that the sale from Donnell to Bliss was void.

*H. Bliss, Jr.,* for the plaintiff, cited: U. S. R. S., § § 4131, 4214, 4170, 4312; Decisions, Secretary of the Treasury, 1877,

No. 3282; 1883, Nos. 5545, 5550; *Veazie* v. *Somerby*, 5 Allen, 285.

*William H. Hilton*, for defendant.

The Revised Statutes of the United States, title 34, c. 2, § 2638, provide that "no person employed under the authority of the United States in the collection of duties on imports or tonnage, shall own either in whole or in part any vessel . . . under a penalty of five hundred dollars."

Title 1, c. 1, § 3, defines the word vessel as including "every description of water craft or other artificial contrivance used or capable of being used as a means of transportation on water."

Title 48, ch. 2, § 4214, clearly recognizes pleasure yachts as being capable of being used as a means of transportation on water.

It is a well recognized rule of law that every contract made for or about a matter or thing which is prohibited and made unlawful by any statute is a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty, because a penalty implies a prohibition. *Harding* v. *Hagar*, 60 Maine, 340, and cases there cited.

The law never lends its aid to carry such contracts into effect. 2 Greenl. Ev. (12th ed.) § 111.

PETERS, C. J.   This case falls outside of the class of cases in which a redress for injuries upon personal property is denied by the law upon considerations of public policy.   It may be near the line of such cases.

The plaintiff, at a time when he was an inspector of the public customs, became the owner, by purchase, of a boat, notwithstanding the law, R. S. U. S., § 2638, provides that no person in that branch of the public employment shall "own any vessel or interest therein," under a penalty of five hundred dollars. The plaintiff supposed that his boat or yacht did not come within the prohibition of the law.   But we are inclined to think it did, and we will take it for granted that it was so.

We do not conceive it to be an answer to an action for the conversion of the boat, that the trespasser was, at the time of

the conversion, an officer, attaching the property for a creditor of the seller, upon the claim and theory that no property passed by the sale. The seller's property was not diminished by the sale. He received a full consideration, merely exchanging property for property. No fraud upon creditors was accomplished or intended.

The statute itself is unlike any other prohibitory legislation, being bare of any executory or explanatory provision. Suppose an owner of vessels becomes a public officer while he is such owner, what becomes of the property owned by him? Can it be regarded as lost or abandoned, to be appropriated by any finder? Suppose the boat had been purchased to be at once broken up for its old wood and iron, or to be immediately converted into some form of property other than a boat, and such intention had been executed. Would the purchase have been in such case unlawful?

But these queries, although perhaps helpful indirectly, are rather at a distance from the point on which we place the decision of the case. There is considerable difference of judicial opinion on questions affected by the doctrine of public policy, and the present occasion does not require a discovery or discussion of the true rules to be generally applied to them. Suffice it to say that we think the present case may be saved to the plaintiff by force of the decision in *Hamilton* v. *Goding*, 55 Maine, 419, where it was held that an owner of intoxicating liquors, although such liquors were intended for sale by him in violation of law, may maintain trespass for their unauthorized conversion by a sheriff, who is at the time acting under color of office in service of civil process.

Upon principle that case and this are alike. There, as it is here, the officer attached the goods as the property of the seller. There the possession of the articles held for illegal purposes was enough to found the plaintiff's action upon. It did not lie in the officer's mouth to allege that the possession was for unlawful purposes. We think the same rule applies here. The plaintiff's possession was his title, in a conflict with the officer who represented neither possession nor any right to possession. *Adams*

v. *McGlinchy*, 66 Maine, 474 ; see *National Bank* v. *Matthews*, 98 U. S. 621.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.